## Enos Fire Escape Company v. Maurice Langan.

### Gen. No. 13,316.

1. DECLARATION—*when states cause of action for personal injuries arising from being struck by a falling drill.* A declaration alleging that the defendant was by its servants performing certain work and labor on a building specified, at a time specified; that the plaintiff was employed by a third party, on the date named, as a laborer, and that in the performance of his duties he was required to be upon a certain fire-escape and directly underneath a fire-escape upon which the servants of the defendant were working; that the servants of the defendant carelessly and negligently and unlawfully caused and permitted a large iron drill to fall from where they were working, and that the same struck the plaintiff on the head and thereby fractured his skull, states a cause of action.

2. Verdict—*when not excessive.* A verdict reduced by *remittitur* to $3,000, rendered in an action for personal injuries, is not excessive where it appears that as a result of the accident there was a fracture of the outer table of the skull, and possibly of the inner table as well.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Robert W. Wright, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed October 4, 1907. Rehearing denied October 18, 1907.

**Statement by the Court.** On and prior to August 19, 1904, Smith Brothers, general mason and carpenter contractors, were engaged in the work of remodeling the Bijou Theater building at the southwest corner of Jackson boulevard and Halsted street, in Chicago. Plaintiff below, appellee, was on that day employed by Smith Brothers as a laborer, hoisting window frames to the second story of the building. The workmen were using a fire escape or exit stairway which reached from the sidewalk on Jackson boulevard to the second story of the building, as a means of ingress and egress to and from the building. . The theater had been opened and a performance was then in progress. There was no other entrance by which at that time the workmen could enter the building. Appellee was going up the lower fire escape to enter the building through the door on the second floor when he was struck on the head by a drill which fell from some point above him, and injured.

Appellant was the contractor engaged at that time in putting up the iron fire escapes on the north wall of the building. The fire escapes were completed except the inside hand rails next to the wall. The drill which struck appellee was used for drilling holes in the brick wall. It was made of iron and weighed several pounds.

Appellee sued appellant in the Superior Court to recover damages, and the trial resulted in a verdict in favor of plaintiff for $5,000. From this $2,000 were remitted, and judgment was entered against defendant, appellant, for $3,000.

DONALD L. MORRILL, for appellant; ROBERT W. MILLAR, of counsel.

B. J. WELLMAN, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

It is contended on behalf of appellant that the declaration does not allege any duty owing from appellant to appellee; nor does it state facts from which the law raises such a duty, and for that reason it is insufficient to support the judgment.

The original declaration contained but one count. It avers that appellant was by its servants performing certain work and labor on the building in question on August 19, 1904; that appellee was employed by Smith Brothers on that date as a laborer and that in the performance of his duties he was required to be on a certain fire escape and directly underneath a fire escape upon which the servants of appellant were working; that the servants of appellant carelessly and negligently and unlawfully caused and permitted a large iron drill to fall from where they were working, and that the same struck appellee on the head and thereby fractured his skull, etc.

Appellant demurred to this declaration and the demurrer was overruled. Appellant then pleaded the general issue. Later an additional count was filed which differs from the original declaration only in the averment that the fire escape in question was wholly in Jackson boulevard, a public street.

In our opinion the declaration states facts from which the law raised a duty from appellant to appellee, and it avers that by the negligence of appellant's servants appellee was injured. The declaration as a pleading is sufficient to support the judgment.

It is urged that appellee was a mere licensee, if not an actual trespasser, upon the fire escape, and therefore appellant assumed no duty toward him except to refrain from wilful or affirmative injurious acts. This contention has no basis in the evidence. The evidence shows that appellee was

employed as a laborer on the building. The fire escape on which appellee was injured had been in constant use for some time by the laborers on the building without objection from appellant. Appellee was engaged, according to the evidence, in hoisting some window frames for the purpose of taking them into the building by the only door which was available for that purpose at the time. The jury was therefore warranted in finding that he was rightfully on the fire escape in the discharge of his duties.

The evidence on the part of appellee tends to show that appellee's injury was due to the negligence of appellant's employees. True, no one saw any of appellant's employees drop the drill or cause it to fall. But the evidence tends to show that appellant's servants were working above appellee and were using drills. This evidence is contradicted by testimony offered on behalf of appellant. We think, however, that considering all the evidence in the case the jury were warranted in finding that some employee of appellant negligently suffered or caused the drill to drop, without resting that conclusion of fact upon mere conjecture or surmise.

We do not think the court erred in refusing to give the instruction asked by appellant relating to the liability of appellant for an accident resulting to a trespasser or licensee. There is no evidence in the record tending to show that appellee was a trespasser or a mere licensee, and therefore the instruction, if given, would have had no foundation in the evidence and would have misled the jury.

It is urged that the hypothetical question upon which the testimony of Dr. Cox is based, assumes facts with reference to appellee's injury which are not shown by the evidence. We have examined the evidence upon the facts stated or assumed in the question, and we think that it fairly tends to show the assumed facts in the question as modified by the court.

Upon a consideration of the evidence in the record, we cannot say that the judgment is excessive for the injury received. The evidence shows that there was a fracture of the outer table of the skull at least, and possibly of the inner

table as well.   That there was a concussion of the brain, and some disturbance of the brain tissue, is established, we think, by the evidence.   The effects, nervously and otherwise, cannot be stated with certainty.   As Dr. O'Malley said in his testimony, it is a very uncertain subject with which he was dealing.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*